IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TRUSTED INTEGRATION, INC. )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>THE UNITED STATES )<br>)<br>Defendant )<br>_____ ) | No. 09-759<br>(Judge Bush) |

## PLAINTIFF TRUSTED INTEGRATION, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Trusted Integration, Inc. ("Trusted Integration"), by and through undersigned counsel, in response to the Motion to Dismiss ("Motion") of Defendant United States of America ("Defendant") states as follows:

## I.   Introduction

Trusted Integration has filed a three count complaint against Defendant in this Court for breach of an oral or implied-in-fact contract, breach of a license agreement, and breach of the duty of good faith and fair dealing. The claims arise from the Department of Justice's ("DOJ") actions in connection with two contracts DOJ entered into with Trusted Integration. First, the Complaint contends that DOJ and Trusted Integration entered into an oral or implied-in fact contract to use Trusted Integration's TrustedAgent software product in DOJ's Center of Excellence offering. Complaint at ¶¶ 61-66. Second, the Complaint contends that DOJ breached a license agreement with Trusted Integration for its TrustedAgent product by exceeding the scope of the license grant,

copying certain features and functions of the TrustedAgent product, and failing to maintain the confidentiality of Trusted Integration's confidential information. Complaint at ¶¶ 56-59 and 68-70.

Trusted Integration has also filed an action against DOJ in the United States District Court for the District of Columbia (case number 1:09-cv-00898) ("District Court Action"). The District Court Action asserts a Lanham Act claim, common law unfair competition claim, and a breach of fiduciary duty claim against DOJ. *See* Exhibit 1 to Motion, District Court Action Complaint.

Defendant now moves to have this Court dismiss Trusted Integration's Complaint for lack of jurisdiction under 28 U.S.C. § 1500. Since this action and the District Court Action are separate and distinct and are not based upon the same or substantially the same operative facts, this Court should deny Defendant's Motion.

## II.   Analysis

In determining subject matter jurisdiction, this Court must accept as true all undisputed facts asserted in Trusted Integration's Complaint and draw all reasonable inferences in favor of Trusted Integration. *d'Abrera v. U.S.*, 78 Fed. Cl. 51, 55 - 56 (2007); *Henke v. U.S.*, 60 F.3d 795, 797 (Fed. Cir. 1995); *see also Hamlet v. U.S.*, 873 F.2d 1414, 1415-16 (Fed. Cir.1989).

28 U.S.C. § 1500 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in any respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 "has been interpreted to mean that the Court of Federal Claims lacks subject matter jurisdiction when a plaintiff has elected to file the same claim in another court prior to filing in" the Court of Federal Claims. *Low v. U.S.*, No. 09-532, 2009 WL 4672666, at *3 (Fed. Cl. December 7, 2009). "For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts and must seek the same relief." *Loveladies Harbor, Inc. v. U.S.*, 27 F.3d 1545, 1551 (Fed. Cir. 1994) (en banc). Operative facts are those facts "relevant to a judicially imposed remedy." *Id.* at 1551, n.17. Claims with "the same general factual circumstances, but distinct material facts can fail to trigger § 1500." *Heritage Mineral v. U.S.*, 71 Fed. Cl. 710, 716 (2006) (citing *Branch v. U.S.*, 29 Fed. Cl. 606, 609 (1993)). "If a material factual difference exists between two claims, however, they are not the same for purposes of section 1500." *Cooke v. U.S.*, 77 Fed. Cl. 173, 177 (2007).

In support of its argument, Defendant asserts that "almost all of the paragraphs containing factual allegations are virtually verbatim copies of each other." Motion at 7. Even if such an assertion was accurate, that fact would not establish that 28 U.S.C. § 1500 bars Trusted Integration's action in this Court. As referenced above, the proper analysis is whether the facts relevant to the remedy are the same. *Loveladies Harbor, Inc.*, 27 F.3d at 1551, n.17. Identical background facts concerning Trusted Integration's business, the Center of Excellence proposal, and the selection of DOJ as a Center of Excellence were included in both this Complaint and the District Court Action complaint so that each court could have a complete understanding of the overall events. Defendant should not be able to use Trusted Integration's broader pleading approach as a basis to

3

have Trusted Integration's action barred under 28 U.S.C. § 1500.  *See Fire-Trol Holdings, LLC v. U.S.*, 65 Fed. Cl. 32, 34-35 (2005) (recognizing that background facts concerning relevant market were not operative facts directly giving rise to the claims pled).  A careful comparison of the Complaint with the District Court Action complaint reveals that the operative facts in each complaint are not the same or substantially the same.  *See Low*, 2009 WL 4672666, *5 ("Precedent requires the Court to engage in a careful comparison of the operative facts to determine whether § 1500 is applicable.")

Trusted Integration's action in this Court and the District Court Action are not the same for purposes of 28 U.S.C. § 1500.  The claims are separate and distinct for a number of reasons.  In this action, Trusted Integration alleges that an oral or implied-in-fact contract existed between DOJ and Trusted Integration that "DOJ would use Trusted Integration's TrustedAgent product for DOJ's Center of Excellence proposal and in any subsequent Center of Excellence offering if DOJ was seletcted."  Complaint at ¶ 61.  The District Court Action does not allege that the parties had a contract related to the DOJ Center of Excellence proposal and any subsequent offering.  *See* Exhibit 1 to Motion, District Court Action Complaint.

Trusted Integration has also brought a breach of duty of good faith and fair dealing claim against DOJ in this Court.  Complaint at ¶¶ 71-74.  The critical operative fact to support a breach of duty of good faith and fair dealing claim is the underlying existence of a contract between the parties, which is alleged in this action but not the District Court Action.  *See Rivera Agredano v. U.S.*, 70 Fed. Cl. 564, 574 (2006) ("An allegation of breach of the covenant of good faith and fair dealing is an allegation that the party's contracting partner deprived it of the fruits of the contract.).  Since the District

4

Court Action does not allege that the parties had a contract related to the DOJ Center of Excellence proposal and any subsequent offering, the breach of duty of good faith and fair dealing claim cannot be based upon the same operative facts as the District Court Action.

This action also contains a count for DOJ's breach of its license agreement with Trusted Integration.[1]   Complaint at ¶¶ 71-74.  The Complaint alleges that DOJ breached its license agreement with Trusted Agent by "failing to limit its use of the TrustedAgent product to internal use, using the TrustedAgent product to develop a competing product, and failing to maintain the confidentiality of Trusted Integration's confidential information."  *Id.* at ¶ 69.  Then, in precise detail, the Complaint explains how DOJ exceeded the scope of the license agreement.

> DOJ's CSAM developers, during routine maintenance, accessed the TrustedAgent Oracle database for data migration.   DOJ was only authorized to access the test cases and controls.   DOJ's developers accessed the database to assess how the TrustedAgent FISMA software tools were designed so DOJ developers could learn the database structures of other modules and how the design was related.

*Id.* at ¶ 56.  The Complaint then describes how DOJ copied and replicated certain features and functions of Trusted Integration's TrustedAgent product such as the validation and artifact tracking, the inheritance format, and the "My Task" functionality.  *Id.* at ¶¶ 57-59.   The Complaint also references Trusted Integration's copyrights in its training presentation and TrustedAgent screen shots.  *Id.* at ¶¶ 12-13.

While the District Court Action mentions the existence of a license agreement between DOJ and Trusted Integration, the District Court Action complaint makes no

---

[1] The count for the breach of the oral or implied-in-fact contract is separate and distinct from the count for a breach of the license agreement.

claims based upon a breach of that license agreement nor are there any factual allegations that would support an action for a breach of that license agreement. *See* Exhibit 1 to Motion, District Court Action Complaint.   The District Court Action complaint is completely devoid of any facts concerning Trusted Integration's copyrights, DOJ's unauthorized access to Trusted Integration's confidential information, and DOJ's copying of Trusted Integration's TrustedAgent's features and functionality.   *Id.*   Trusted Integration's claim that DOJ breached the license agreement is based upon distinct government conduct with different material facts than the District Court Action. *See Cooke*, 77 Fed. Cl. at 178 (finding that distinct material facts relevant to one claim and not the other created material difference in the operative facts between the claims). Thus, Trusted Integration's claims in this Court do not arise from the same operative facts as the District Court Action.

Correlatively, the Lanham Act count, a common law unfair competition count, and the breach of fiduciary duty count in the District Court Action are materially factually different then the claims in this Court.   The operative material facts in the Lanham Act claim are DOJ's holding out its Center of Excellence offering in a manner that caused confusion to third parties regarding the nature or quality of the offering thereby causing competitive harm to Trusted Integration. *See* Exhibit 1 to Motion, District Court Action Complaint at ¶¶ 56-59.   The District Court Action also reviews TrustedAgent's trademark status in connection with TrustedAgent's Lanham Act claim. *Id.* at ¶¶ 14-16. Trusted Integration's claims in this Court are not premised on how DOJ held out its Center of Excellence offering to third parties. *See* Complaint.

Similarly, Trusted Integration's common law unfair competition claim is primarily based upon the facts that DOJ had no intent to offer the TrustedAgent product as part of DOJ's Center of Excellence offering and that DOJ misled customers into believing that TrustedAgent was part of DOJ's Center of Excellence offering and had a higher level of quality than it really did. *See* Exhibit 1 to Motion, District Court Action Complaint at ¶¶ 48 and 64-66. Consequently, the Lanham Act claim and the common law unfair competition claim in the District Court Action are not based upon the same operative facts as this action.

With respect to Trusted Integration's breach of fiduciary duty claim in the District Court Action, the material operative fact is the relationship that gave rise to the fiduciary relationship. The fiduciary relationship in the District Court Action is based upon the fact that "DOJ and Trused Integration joined in a business enterprise to generate a profit." *Id.* at ¶ 48. Under District of Columbia law, a joint venture is defined as two or more persons joining in a particular business enterprise for profit. *Jonathan Woodner Co. v. Laufer*, 531 A.2d 280, 286, n.8 (D.C. 1987). Joint venturers owe a fiduciary duty to one another. *See C & E Services, Inc. v. Ashland Inc.*, 601 F. Supp.2d 262, 270-271 (D.D.C. 2009). The Complaint in this action does not allege that DOJ and Trusted Integration joined in a business enterprise to generate profits. *See* Complaint.

This Court's ruling in *d'Abrera v. U.S.*, 78 Fed. Cl. 51, 58 (2007) supports a finding that the operative facts in this action and the District Court Action are not the same so that 28 U.S.C. § 1500 does not bar Trusted Integration's claims. In *d'Abrera*, the plaintiffs filed suit in the United States District Court for the Southern District of New York against the Smithsonian and Stephen Kinyon, a Smithsonian volunteer, alleging

7

Lanham Act violations against both defendants and copyright infringement against Mr. Kinyon. *Id.* at 52. Subsequently, the plaintiffs filed suit in this Court against the Smithsonian alleging copyright infringement, based in part on Mr. Kinyon's conduct. *Id.* The parties stipulated to the dismissal of the Lanham Act claims and the copyright infringement claim was transferred to this Court. *Id.* As part of the transfer, this Court questioned whether the copyright claim originally filed in this Court should be dismissed under 28 U.S.C. § 1500 because the same claim was pending in the district court at the time the copyright claim was filed in this Court.[2] *Id.*

This Court found that while "plaintiffs' claims brought in district court shared a general factual background, the Lanham Act claim involved different conduct than the copyright infringement claim." *Id.* at 58. The copyright infringement claim in the district court was based on the allegation that Mr. Kinyon copied plaintiffs' photographs without consent. *Id.* The Lanham Act claims, however, alleged that the Smithsonian and Mr. Kinyon deceived individuals into believing that the photographs were his and the Smithsonian's unique work. *Id.*

This Court then examined whether the copyright infringement claims in the district court and this Court were materially factually different. *Id.* at 59. This Court noted that while the general factual circumstances were the same, the key factual distinction was "whether Mr. Kinyon was acting as an agent of the Smithsonian or on his own." *Id.* In the district court action, plaintiffs alleged that Mr. Kinyon, not the Smithsonian, engaged in copyright infringement and, under the Lanham Act claim, alleged that the Smithsonian aided and abetted Mr. Kinyon. *Id.* In this Court, plaintiffs

---

[2] The government had filed a 28 U.S.C. § 1500 motion to dismiss, which was denied without prejudice to renew pending the transfer of the district court case to this Court. *Id.* at 55.

alleged that Mr. Kinyon was acting under the Smithsonian's authority, that the Smithsonian engaged in direct infringement, and that the Smithsonian controlled Mr. Kinyon's infringement. *Id.* This Court recognized that the alternative factual allegations between the claim in this Court and the claim in the district court regarding Mr. Kinyon's role with the Smithsonian created a material difference in the operative facts. *Id.* "[t]he copyright-infringement claim transferred by the district court to this court was not the 'same claim' as the copyright-infringement claim originally filed in this court because the allegations respecting Mr. Kinyon's role with the Smithsonian were critically different." *Id.* Consequently, this Court held that Section 1500 did not bar plaintiffs' claims because plaintiffs' Lanham Act claim and copyright infringement claim in the district court that was transferred to this Court were not the same claims and the copyright infringement claim transferred to the district court was not the same as the copyright infringement claim originally filed in this Court. *Id.*

Similar to the distinction in *d'Abrera* where the plaintiffs made alternative factual allegations in different courts, the fact that Trusted Integration alleges in the District Court Action that the relationship between DOJ and Trusted Integration is based upon a joint venture while alternatively alleging in this Court that DOJ's and Trusted Integration's relationship was contractually based creates at least one distinction significant enough for this Court to find that 28 U.S.C. § 1500 does not preclude jurisdiction in this Court.[3]

---

[3] *d'Abrera* also supports the proposition that each count within a complaint must be evaluated to determine whether the particular count is based upon the same operative facts as the district court action. *See d'Abrera*, 78 Fed. Cl. at 56, n.10 and 58-59. Here, Trusted Integration's position is that none of the counts in this case are based upon the same operative facts as the District Court Action. However, to the extent this Court finds that one of the counts is based upon the same operative facts, this Court should still have jurisdiction over the other counts in the Complaint.

A careful examination of this action and the District Court Action reveals that the claims are separate and distinct and are not based upon the same or substantially the same operative facts. Accordingly, 28 U.S.C. § 1500 does not bar Trusted Integration's claims in this Court.

## III.  Conclusion

For the foregoing reasons, this Court should deny Defendant's Motion to Dismiss.

Dated:  January 15, 2010

Respectfully submitted,

DAVID, BRODY &
DONDERSHINE, LLP

/s/  s/  type out name
Thomas K. David
John A. Bonello
12355 Sunrise Valley Drive
Suite 650
Reston, VA 20191
Phone:  703-264-2220
Fax: 703-264-2226